# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |  |
|---|---|---|
| RODRIGUEZ D. STANLEY, | ) ) ) | |
| Plaintiff, | ) ) | 2:14-cv-01132-RCJ-CWH |
| vs. | ) ) ) | |
| JEFFRY S. LIFE et al., | ) ) | **ORDER** |
| Defendants. | ) ) ) | |

Plaintiff Rodriguez D. Stanley sued Defendants Jeffry S. Life ("Life"), DrLife.com, Inc. ("Life.com"), and Jeffry S. Life, M.D., PC ("Life PC") in this Court for forty-three counts of direct copyright infringement, one count of contributory copyright infringement, and on five state law causes of action. The Clerk entered default against all Defendants when they failed to answer or otherwise defend. Two weeks later, Life filed a Suggestion of Bankruptcy, indicating his personal bankruptcy in Case No. 14-bk-15912. Life.com and Life PC ("Movants") have now filed a motion for relief from default. For the reasons given herein, the Court denies the motion.

## I.      LEGAL STANDARDS

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the

following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b), 60(b)(1).

> To determine good cause, a court must consider three factors: (1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party.  This standard, which is the same as is used to determine whether a default judgment should be set aside under Rule 60(b), is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default.  Crucially, however, judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.

*United States v. Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations and internal quotation marks omitted).

## II.    DISCUSSION

Movants' counsel argues that he failed to defend in the present case based on a misunderstanding from Life's separate counsel in his bankruptcy case.  That is, counsel in the present case mistakenly believed that not only Life himself, but also Movants had filed for bankruptcy.

In response, Plaintiff argues that there is no good cause to set aside the entry of default under Rule 55(c) and there is no excusable neglect under Rule 60(b)(1).  Plaintiff notes that Movants were served on July 14 of this year and that Defendants obtained an extension of time to respond until August 14.[1]  Plaintiff moved for entry of default on August 15, and the Clerk entered default on August 18.  Life filed his Chapter 7 bankruptcy petition on August 29.

Plaintiff first argues that Movants' conduct was culpable because of the failure to defend after being served.  Plaintiff argues that Movants' argument concerning confusion over who had

---

1 The docket indicates that Movants' answers were due on August 4, and no extension appears in the docket.  Presumably, Plaintiff refers to a private agreement between counsel not to seek entry of default until after August 14.

filed bankruptcy should be rejected, because the time to defend ran before any party filed for bankruptcy, and counsel for Movants could not possibly have thought Movants had failed for bankruptcy when Life had not yet even done so.  The Court reads Movant's argument a bit differently, i.e., that based on conversations with Life's bankruptcy counsel, Movants' counsel believed bankruptcy protection would be sought for both Life and Movants in the future. Plaintiff argues that still does not excuse the failure to defend.  At a minimum, Movants' counsel should have asked for an extension of time to defend based on his belief that all Defendants would file for bankruptcy protection.  Movants note in reply that refusal to answer does not necessarily amount to bad faith. *See Signed Personal Check No. 730 of Yurban S. Mesle*, 615 F.3d at 1092 ("[A] movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.  We have typically held that a defendant's conduct was culpable for purposes of the good cause factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." (citations and internal quotation marks omitted)).  Although the failure to answer was not truly accidental, the Court cannot find the requisite bad faith under the present circumstances.

Second, Plaintiff argues that the motion indicates no meritorious defense, but only that Movants "believe they would be able to mount legitimate defenses."  The motion makes no showing of any defenses.  It is totally conclusory in this regard.  In reply, however, Movants argue that the copyright infringement claims are not pled sufficiently.  The Court disagrees.  The Complaint appears to be pled with great particularity.  Movants complaint that the date of alleged publication of the disputed works is not alleged, but that is not an element of an infringement

claim, only the fact of publication (or other unauthorized use). "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient *facts* that, if true, would constitute a defense . . . ." *Id.* at 1094 (internal quotation marks omitted; emphasis added). Movants have only "alleged" a legal conclusion, i.e., that the allegations fail under Rule 8(a) for various reasons, not any facts which, if true, would lead the Court to so find. The Court therefore finds that Movants have failed to make any colorable showing of any meritorious defenses. Refusal to set aside the default can be based on this finding alone. *See id*. at 1091.

Third, Plaintiff argues that setting aside the entry of default would prejudice him by forcing him to litigate here and in the bankruptcy court simultaneously. The Court rejects this argument. As to Life, the automatic stay is in place, and this Court cannot enter judgment against him without a lift of that stay, whether by default judgment or otherwise. Plaintiff's requirement to litigate in the bankruptcy court as to Life unless that Court grants leave to litigate elsewhere cannot be changed by anything this Court does or does not do. And Life himself has not moved for relief from the entry of default in any case. Plaintiff also argues, however, that Movants are struggling financially and any delay in judgment may result in lesser recovery. The Court accepts this argument. It is very likely true that the websites and professional corporation which Life owns are in poor financial condition if Life himself has filed for bankruptcy protection. Movants do not address this argument in reply. The Court finds that Plaintiff would be prejudiced by setting aside the default against Movants. Refusal to set aside the default can also be based on this finding alone. *See id.*

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Relief from Default (ECF No. 14) is

DENIED.

IT IS SO ORDERED.

Dated this 21st day of October, 2014.

_____
ROBERT C. JONES
United States District Judge